09-2501-cv(L)
Aurelius Capital Partners, LP  v. The Republic of Argentina

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.

PRESENT:     JON O. NEWMAN,
             JOHN M. WALKER, JR.,
             GERARD E. LYNCH,
                     *Circuit Judges*.

_____

Aurelius Capital Partners, LP, et al.,
                     *Plaintiffs-Appellees*,

           v.                                         09-2501-cv(L),
                                                      09-2479-cv,
                                                      09-2481-cv,
                                                      09-2483-cv,
                                                      09-2484-cv,
                                                      09-2485-cv,
                                                      09-2486-cv,
                                                      09-2487-cv,
                                                      09-2488-cv,
                                                      09-2490-cv,
                                                      09-2491-cv,
                                                      09-2493-cv,
                                                      09-2494-cv,
                                                      09-2495-cv,
                                                      09-2496-cv,
                                                      09-2497-cv,
                                                      09-2498-cv,
                                                      09-2503-cv

The Republic of Argentina,
                     *Defendant-Appellant*.

_____

FOR PLAINTIFFS-APPELLEES:    Barry R. Ostrager, Simpson, Thacher & Bartlett LLP (Tyler B. Robinson, on the brief), New York, NY, for Plaintiffs-Appellees Aurelius Capital Partners, LP, Aurelius Capital Master, Ltd., and Blue Angel Capital I LLC.

Robert A. Cohen, Charles I. Poret, and Dennis H. Hranitzky, on the brief, Dechert LLP, New York, NY for Plaintiff-Appellee NML Capital, Ltd.

David W. Rivkin, John B. Missing, and Suzanne M. Grosso, on the brief, Debevoise & Plimpton LLP, New York, NY for Plaintiff-Appellee EM Ltd.

FOR DEFENDANT-APPELLEE:    Jonathan I. Blackman, Cleary Gottlieb Steen & Hamilton LLP (Carmine D. Boccuzzi, Melissa J. Durkee, and Sara A. Sanchez, on the brief), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED** that the order of the district court holding defendant-appellant in contempt is **VACATED** as moot.

Defendant-appellant The Republic of Argentina (the "Republic") appeals from the district court's order holding the Republic in civil contempt and sanctioning it by drawing an adverse inference against it as to whether the Republic removed approximately $206 million of funds from the United States in violation of orders issued by the court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In late 2008, plaintiffs-appellees ("plaintiffs"), who are judgment creditors of the Republic, obtained orders restraining, and later attaching, certain assets in the United States belonging to the Administración Nacional de Seguridad Social (the "Administration"), which plaintiffs contend is a political subdivision of the Republic. Last year, this Court vacated the attachment and "all of the associated orders" concerning those assets, without resolving the parties' dispute about whether the Administration is a separate agency or instrumentality. Aurelius Capital Partners, LP v. Republic of Argentina, 584 F.3d 120, 132 (2d Cir. 2009). While the appeal was pending, however, the district court entered a number of further orders, directing that the Republic and the Administration, which the district court found to be a mere political subdivision under the control of the executive authority of the Republic, provide discovery to plaintiffs concerning the location and movement of various assets.

Ultimately, when the Republic advised the court that it was unable to produce documents called for by the orders that were in the custody of the Administration, and the Administration declined to produce the documents, the court held the Republic in civil contempt. The court imposed no monetary sanctions, however, and limited the consequences of the contempt to an adverse inference that the Republic violated the court's restraining and attachment orders by transferring restrained assets to Argentina. The Republic contends that the contempt order was erroneous because it complied with the orders to the best of its ability and was unable to produce documents in the possession of the Administration, which it argues is beyond its control; plaintiffs contend that

3

because the Administration is legally and practically under the Republic's control, the Republic's failure to produce documents possessed by the Administration was contumacious.

In light of the vacation of the underlying orders of restraint and attachment, the validity of the contempt determination is now moot. "A civil contempt order is remedial . . . and coercive." OSRecovery, Inc. v. One Groupe Intern., Inc., 462 F.3d 87, 92 n.2 (2d Cir. 2006). Here, the discovery orders that the Republic was found to have violated were issued exclusively in aid of plaintiffs' effort to attach assets of the Administration in the United States, and to determine whether the Republic violated the restraining orders by transferring some of those assets out of the United States. The contempt order thus seeks to compel the Republic to comply with discovery orders regarding funds that we subsequently held are immune from attachment, see Aurelius, 584 F.3d at 131, and that the parties agree are no longer in this country and are thus beyond the reach of further attachment. Moreover, because the restraining order that plaintiffs contend the Republic violated has now been vacated, there is no longer any proceeding in which the adverse inference – the sole sanction imposed as a result of the contempt finding – could be drawn.

As the only sanction imposed on the Republic is now without practical effect, and there is no purpose to be served by coercing discovery about assets that are admittedly no longer subject to attachment, there is no remaining controversy for us to address. We express no view as to the merits of the underlying discovery orders when issued, whether

4

any of the discovery sought in aid of the vacated attachment and restraining orders may still be sought by plaintiffs as relevant to ongoing efforts to locate assets and enforce their judgment, or what remedies other than civil contempt might be available for alleged violations of any of the district court's orders.  We hold only that the validity of the civil contempt order that is the subject of this appeal is moot, and no longer presents a live case or controversy for us or for the district court.

For the reasons stated above, the order of the district court is **VACATED** as moot.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk